FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 5 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**

Case No.: TBD

1:26-CV-5587

**Richard A. Elmore,**
Plaintiff,

v.

**BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA;**
**JOHN M. STEIN, Associate Vice President for Student Life & Dean of Students, individually and in his official capacity; and**
**ESSENCE WILLIAMS, OSI Coordinator, individually and in her official capacity,**
Defendants.

---

## COMPLAINT FOR INJUNCTIVE RELIEF, BREACH OF CONTRACT, AND CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)

This civil action seeks injunctive relief and monetary damages for a blatant violation of procedural due process under the Fourteenth Amendment of the United States Constitution (42 U.S.C. § 1983) and breach of contract. The core of this complaint rests on a singular, undeniable procedural failure: the Georgia Institute of Technology's Office of Student Integrity (OSI) deprived Plaintiff of his constitutional right to notice and a meaningful opportunity to defend himself. Plaintiff was referred for disciplinary action on one specific allegation, yet was declared responsible for an entirely uncharged and unrelated administrative infraction; an infraction the referring professor explicitly stated was not the basis of her referral. By adjudicating a charge that was never formally noticed, OSI stripped Plaintiff of his fundamental right to prepare and present a defense, rendering the entire disciplinary process arbitrary, capricious, and legally void.

---

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Richard A. Elmore, is a graduate student enrolled in Georgia Institute of Technology's Master's in Cybersecurity Program.
2. Defendant, Board of Regents of the University System of Georgia, is the governing body of the Georgia Institute of Technology, a public university operating in Atlanta, Georgia.
3. Defendant, John M. Stein, is the Associate Vice President for Student Life & Dean of Students at the Georgia Institute of Technology, who served as the final appellate officer for the Office of Student Integrity (OSI).
4. Defendant, Essence Williams, is an OSI Coordinator at the Georgia Institute of Technology who conducted the unconstitutional disciplinary investigation.
5. This Court has subject matter jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.
6. Venue is proper in the Northern District of Georgia because the events giving rise to this claim occurred in Atlanta, Georgia.

---

## II. INCORPORATION OF EXHIBITS

7. The following documentary exhibits are integral to this Complaint and incorporated by reference herein, demonstrating the undeniable contradiction between the charges noticed and the charges adjudicated:
    - **Exhibit A:** OSI Allegations (Notification of Student Decision, July 29, 2026).
    - **Exhibit B:** Dr. Jordan Email Clarification (August 19, 2026).
    - **Exhibit C:** INTA 6103 Syllabus.

- **Exhibit D:** GT Student Code of Conduct Rights.
- **Exhibit E:** Plaintiff's Appeal Email and Integrity Essay Submission (September 1, 2026).

---

## III. FACTUAL ALLEGATIONS: THE DEPRIVATION OF DUE PROCESS

### A. The Actual Claim Stated by Dr. Jordan

8. Plaintiff was enrolled in INTA 6103 OCY International Security, instructed by Dr. Jenna Jordan.

9. Dr. Jordan referred Plaintiff to OSI under the explicit, false suspicion that his Reading Reflection #1 was fully generated by Artificial Intelligence.

10. As Dr. Jordan later confirmed in writing (Exhibit B), "The concern that prompted the referral was the nature and extent of the AI-generated content identified in the assignment, which came back flagged by Turnitin at 100% AI-generated".

11. While Plaintiff was aware of the Turnitin flag, OSI misled Plaintiff during the conduct proceedings by informing him that he was in violation of the integrity code due to a lack of citation, completely diverging from the true nature of Dr. Jordan's referral.

12. Under the Fourteenth Amendment, Plaintiff had the right to be given explicit notice of the actual charge against him and the opportunity to defend against the offense for which he was referred, rather than being misdirected into defending a separate, minor formatting issue.

**B. OSI Adjudicates an Uncharged, Non-Referable Infraction**

13. The INTA 6103 Syllabus explicitly permits the use of grammar-checking software, stating: "If you use programs such as Grammarly to check your grammar, please note this in your submission" (Exhibit C).

14. During the OSI investigation leading to the July 29, 2026 decision, Plaintiff was explicitly told that the integrity violation in question was his failure to cite Grammarly.

15. Defendant Williams operated under legally false belief that she was adjudicating Plaintiff for a lack of citation, an infraction entirely separate from the AI-generation claim that actually prompted the referral.

16. Acting upon this flawed procedural premise, Defendant Williams abandoned the referred AI-generation charge and declared Plaintiff responsible for failing to cite his permitted use of Grammarly (Exhibit A).

17. Defendant Williams's official decision stated: "During the meeting, Richard stated that he used Grammarly on the assignment... he did not include that on this assignment. Based on this information, Richard has been found responsible" (Exhibit A).

18. By convicting Plaintiff of a formatting omission instead of the referred conduct charge, Defendant Williams entirely deprived Plaintiff of his right to gather evidence, seek clarification, and present a defense regarding the actual grounds of the referral.

**C. The August 19 Revelation: Professor Refutes OSI's Conviction**

19. On August 19, 2026 (Exhibit B), Dr. Jordan explicitly disavowed OSI's grounds for finding Plaintiff responsible.

20. In this email, Dr. Jordan wrote: "I also want to clarify that you were not referred to OSI for failing to properly cite or reference use of Grammarly".

21. Dr. Jordan further emphasized that the syllabus rule requiring a citation for a grammar check is "substantively different" from the prohibited act of generating written work.

22. Both Plaintiff and the course instructor align on the fact that omitting a citation for a permitted tool is a rubric deduction, not a referable academic integrity violation.

23. Because the claimant professor never referred Plaintiff for a citation error and indicated it is not a referable offense, Defendant Williams inherently lacked the jurisdiction and authority to declare Plaintiff responsible for it.

24. Despite undeniable written evidence that Plaintiff was convicted of an uncharged, un-referred, and non-referable infraction, Defendant Stein willfully ignored the due process violation and upheld the conviction, even after Plaintiff formally notified him on September 1, 2026, that OSI's actions explicitly violated Student Code of Conduct Sections F.3.2 and F.3.3 (Exhibit E).

---

## IV. CAUSES OF ACTION

**Count I – Deprivation of Procedural Due Process (42 U.S.C. § 1983)** *(Against Defendants Stein and Williams in their individual and official capacities)*

25. Plaintiff incorporates the preceding paragraphs.

26. A fundamental tenet of procedural due process, and a right explicitly guaranteed by the university's own Student Code of Conduct (Exhibit D), is receiving adequate prior notice of specific charges to allow a student to adequately prepare a defense.

27. You cannot accuse a student of one severe offense and then suddenly punish them for a completely different, uncharged action.

28. Even if an investigative body claims the authority to penalize infractions discovered during an inquiry, they remain constitutionally bound to formally notice the accused of the new, altered charges and provide a fair opportunity to defend against them prior to rendering a verdict.

29. By actively misleading Plaintiff during the investigation to believe he was defending against a non-referable citation error and subsequently convicting him of that uncharged administrative infraction instead of the actual AI-generation claim he was referred for, Defendants willfully stripped Plaintiff of his constitutional right to mount an informed defense, therefore violating federal law under 42 U.S.C. § 1983.

**Count II – Breach of Contract** *(Against Defendant Board of Regents)*

30. Plaintiff incorporates the preceding paragraphs.

31. The relationship between a student and a university is a binding contract, governed by the Student Code of Conduct and course syllabi.

32. The GT Student Code of Conduct explicitly guarantees a student the right "to be informed of the charge(s) and alleged misconduct upon which the charge is based" and "to be informed of the Information upon which a charge is based and afforded an opportunity to offer a relevant response" (Exhibit D).

33. The university breached this contract by twisting a formatting error (forgetting to add a note about using a permitted grammar tool) which the course instructor concedes is merely a rubric deduction, into formal charges of "Unauthorized Access" and "False Claims of Performance".

34. By declaring Plaintiff responsible for an uncharged, non-referable infraction explicitly refuted by the claimant professor (Exhibit B) and denying Plaintiff the prior notice and opportunity to respond guaranteed by the Code of Conduct (Exhibit D), the university breached its own contractual guarantees to fair adjudication.

---

## V. DAMAGES AND PRAYER FOR RELIEF

35. The arbitrary imposition of this disciplinary mark poses an immediate threat to Plaintiff's professional career, promotional trajectory, and future employment prospects.
36. Plaintiff demands a jury trial on all triable issues.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Enter a permanent injunction vacating the August 19, 2026 decision and immediately expunging the Integrity Violation Disciplinary Warning from Plaintiff's academic record.

B. Order Defendants to grade the assignment fairly and in accordance with the syllabus.

C. Award nominal and compensatory damages in the amount of $250,000.00 against Defendants Stein and Williams for the deprivation of constitutional rights, reputational injury, and the resulting threat to Plaintiff's professional trajectory.

D. Award costs pursuant to 42 U.S.C. § 1988 including any other relief the Court deems proper.

---

**Respectfully submitted,**

/s/ Richard A. Elmore
**Richard A. Elmore, Plaintiff (pro se)**
7952 Lakecrest Drive
Greenbelt, MD 20770
Email: Richard.A.Elmore@gmail.com
Phone: 402-651-0696

**Date:** September 21, 2026